**ELD-015**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4033
_____

CHRISTIANA ITIOWE,
                                        Appellant

v.

NBC UNIVERSAL INC.; COMCAST INC.;
Steve Burke; GE, Attn - Jeffrey Immelt
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 3-13-cv-04155)
District Judge: Honorable Joel A. Pisano
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 12, 2014

Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Filed: February 19, 2014)
_____

OPINION
_____

PER CURIAM

Appellant Christiana Itiowe appeals from an order of the District Court dismissing her amended complaint with prejudice. For the reasons that follow, we will summarily affirm.

Itiowe filed an in forma pauperis civil action against NBC Universal, Comcast, and General Electric, alleging discrimination "in a public place of accommodation" in violation of her civil rights, and seeking $7 trillion in damages. Itiowe alleged that she "started pitching TV shows to NBC UNIVERSAL (Bravo TV) development manager personnel … and pitched a TV show that introduced what happens to me and that's when the act of disability discrimination happened…" Itiowe was inspired to pitch her TV show "because of people attacking via bed bugs behind closed doors acting like they are helping me but truly are not being fake with their interactions …, those kinds of actions can trigger what happens to me as phony acts gets me sicker." The District Court granted Itiowe leave to proceed in forma pauperis, but dismissed her complaint without prejudice and suggested that she file an amended complaint containing sufficient allegations to put the defendants on notice of the claims against them, Fed. R. Civ. Pro. 8(a). See also Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Itiowe then filed an amended complaint, in which she asserted that she pitched a TV show to Bravo and was given approval to continue pitching shows, but then she revealed her health problems to them, and after that Bravo development manager Chelsea Friedland advised her that her ideas for shows would no longer be accepted. Itiowe disclosed in her amended complaint that she suffers from paranoid schizophrenia and

2

hears voices and sees things on a daily basis that to her are real, and that the stigma associated with mental illness is devastating, degrading, and hurtful. She stated that she had signed a form agreement with Bravo's legal department and Ms. Elizabeth Logun to have her ideas for television shows reviewed by Bravo staff, but then Friedland reviewed her idea and rejected it, and she stated that "I cannot for the life of me understand why she will advise that I should not pitch a TV show idea anymore whereas prior to that happening she authorized that I can work with the legal dept to pitch TV show ideas."

In an order entered on September 27, 2013, the District Court dismissed Itiowe's amended complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. The District Court reasoned that Itiowe appeared to raise a claim of disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112-12117, but because she was not an employee of the defendants, she was not protected by the ADA. In addition, she had failed to exhaust her administrative remedies with respect to her claim of disability discrimination. With respect to her substantive claim of discrimination, the District Court reasoned that she had failed to allege a plausible causal connection between her paranoid schizophrenia and Bravo's actions.

Itiowe appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted her leave to appeal in forma pauperis and advised her that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. She was invited to submit argument in writing, and she has done so.

3

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. Certainly to the extent that Itiowe intended to bring her claim under the Americans with Disabilities Act, we agree with the District Court that she failed to exhaust her administrative remedies. A claim that one has suffered disability discrimination in the employment context may be brought pursuant to the ADA, but the ADA requires that a plaintiff pursue administrative remedies with the Equal Employment Opportunity Commission ("EEOC") before filing a complaint in federal court. See Churchill v. Star Enterprises, 183 F.3d 184, 190 (3d Cir. 1999). The plaintiff who brings an employment discrimination claim under the ADA must follow the administrative procedures set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5. See id. See also 42 U.S.C. § 12117(a) (adopting Title VII enforcement scheme and remedies for ADA). "That procedure begins when a charge is filed with the EEOC alleging that an employer has engaged in an unlawful employment practice." Occidental Life Ins. Co. of California v. E.E.O.C., 432 U.S. 355, 359 (1977). The EEOC then investigates the charge and determines whether there is reasonable cause to believe it is true. See id. If the EEOC determines that reasonable cause does not exist, it will issue a right-to-sue letter, which the plaintiff may then rely upon in establishing that administrative remedies have been exhausted. See Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001).

Although failure to exhaust administrative remedies does not affect the District Court's jurisdiction, Hornsby v. U.S. Postal Service, 787 F.2d 87, 89 (3d Cir.1986), non-

4

exhaustion constitutes a ground for dismissal for failure to state a claim on which relief may be granted under Fed. R. Civ. Pro. 12(b)(6), Anjelino v. New York Times Co., 200 F.3d 73, 87 (3d Cir. 2000). Here, although the District Court in advising Itiowe to file an amended complaint did not give her notice that dismissal for failure to exhaust administrative remedies was possible, Itiowe was on notice of the requirement when the District Court dismissed her amended complaint. She has submitted argument in support of her appeal and a motion to remand, and in neither of these items does she assert that she did in fact exhaust her administrative remedies. Accordingly, dismissal of her amended complaint for failure to exhaust administrative remedies was proper to the extent that Itiowe intended to rely upon the Americans with Disabilities Act.

As the District Court noted, however, Itiowe did not allege that Bravo's adverse action occurred in the employment context. Instead, she referenced a "form agreement" with Bravo's legal department. If it was Itiowe's intention to argue a civil rights violation on the basis of a breach of that agreement, she has no viable cause of action under 42 U.S.C. § 1981 because she did not allege racial discrimination. See Brown v. Philip Morris, Inc., 250 F.3d 789, 797 (3d Cir. 2001) (to state a claim under section 1981 for breach of contract, a party must allege facts sufficient to show that she is a member of a racial minority, and that the defendant intended to discriminate on the basis of race).

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing the amended complaint with prejudice. Appellant's motion to remand is denied as moot. Appellant's motion to seal is denied.